**XIA CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–4472–ag.**

United States Court of Appeals, Second Circuit.

June 27, 2007.

Xia Chen, Flushing, NY, pro se.

Peter D. Keisler, Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Rebecca A. Niburg, Trial Attorney, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Xia Chen, a native and citizen of China, seeks review of the August 29, 2006 order of the BIA denying her motion to reconsider. *In re Xia Chen,* No. A78 222 185 (B.I.A. Aug. 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

█ The BIA did not abuse its discretion in denying Chen's July 2006 motion to reconsider. Much of the language of said motion was lifted verbatim from Chen's April 2006 motion to reopen, which the BIA denied in July 2006. Additional

**654**

language found in the July 2006 motion to reconsider served to further refine Chen's assertion, briefly made in the April 2006 motion, that she had a well-founded fear of persecution on account of her pro-democracy activities. Because the BIA had previously considered—and rejected—this very argument, it was not an abuse of discretion for the BIA to refuse to consider it again. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (noting that the BIA does not abuse its discretion by denying a motion to reconsider where the motion merely repeats arguments that the BIA has previously rejected).

■ Furthermore, to the extent that Chen's submission of additional evidence along with her July 2006 motion amounted to a second motion to reopen, the BIA did not abuse its discretion by denying that motion based on the time and numerical limitations established by the regulations. *See* 8 C.F.R. § 1003.2(c).

■ Finally, we lack the authority to consider the additional evidence, which was not submitted to the BIA, that Chen attached to her opening and reply briefs. *See* 8 U.S.C. § 1252(b)(4)(A) (noting that our review is statutorily limited to "the administrative record on which the [challenged] order of removal is based").

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).